The plaintiff and his brother Arthur, partners, were owners of an auto truck, which was practically destroyed in a collision with a train of the defendant company, which occurred at the crossing of a private way leading to the stone crushing plant of the Morris County *Page 404 
Crushed Stone Company, in the village of Millington. The truck, which was being driven by Arthur, had just left the plant with a load of crushed stone when the accident occurred. The present suit was brought to recover compensation for the destruction of the truck. The trial resulted in a verdict for the plaintiff, and from the judgment entered on that verdict the defendant company appeals.
The grounds upon which the defendant company's liability was rested, as set out in the plaintiff's complaint and relied on at the trial, were (1) failure to give the statutory signals as the train was coming to the crossing; (2) the defective condition of an automatic signal bell established by the defendant at the crossing, and its consequent failure to ring as the train approached, and (3) leaving upon a siding adjacent to the main line of the defendant company's road, and east of the crossing (the direction from which the train was coming), a number of freight cars, which obstructed the view in that direction of Arthur Swenson as he approached the crossing.
The proofs submitted by the plaintiff showed that the railroad company had installed and maintained an automatic signal bell at this particular crossing, the expense of the installation and maintenance being paid by the owners of the stone crushing plant, and that this bell failed to ring as the train approached. There was also proof that a whistling-post had been installed by the company at a short distance from this crossing, and that bulletins had been posted by the company for the instruction of their train operatives, notifying them to be particular to give the signals required at public crossings upon approaching this particular right of way, and that no such signals were given by the engineer operating the train which collided with the plaintiff's auto truck. In addition to this proof, there was evidence that at the time of the accident several freight cars were being loaded with the product of the stone crushing plant on a side track of the defendant company; that these cars were located a short distance from the crossing and to the east thereof, that being the direction from which the train was *Page 405 
approaching, and that they prevented a clear view of the on-coming train.
The trial judge, after instructing the jury, in effect that the defendant company, having assumed the duty of protecting this crossing by the same methods adopted for the protection of a public highway crossing, their assumption of that duty carried with it an obligation for its performance, and that the neglect of such performance, producing injury to a person passing over the crossing, constituted a ground of action in favor of the party injured, then proceeded as follows: "If you should conclude that the railroad company was negligent; that, in view of all the circumstances, and the physical conditions there at the time andplace, they did not exercise the care that a reasonably prudent person would have exercised, they were negligent, and, if that negligence caused the accident," the defendant company was liable, unless the plaintiff was guilty of contributory negligence. The principal ground upon which we are asked to reverse the judgment now before us is directed at the alleged error contained in the latter part of this instruction.
Taken in connection with what had preceded the portion of the instruction complained of, it seems plain that the purpose of the court was to indicate to the jury that they might hold the railroad company responsible for the accident, even if the automatic crossing bell had rung and the engine whistle had been blown or the bell on the engine rung, if they considered that the physical conditions existing in the neighborhood of the crossing would have induced a reasonably prudent person to take further precautions for the protection of people crossing the tracks at this place; and, as the only physical condition there at the time of the accident to which the instruction could have had reference was the presence of the freight cars which were then being loaded, the instruction permitted the jury to impose upon the railroad company the responsibility for this accident, unless it had taken some further precaution than the ringing of the bells or the blowing of the whistle while those cars remained on the siding. This, we think, was error. The *Page 406 
mere temporary presence of a freight car or cars on a side track carries with it no such obligation as was indicated by the trial judge. As was said by this court in Pennsylvania Railroad Co.
v. Matthews, 36 N.J.L. 531, 534, the legislation which confers upon a railroad company the right to construct its railroad and operate trains over it, by necessary implication, subjects the public to the ordinary risks attendant on the exercise of the privileges thus granted, and the right to construct and operate includes the right to build and maintain such sidings as are reasonably required for the conduct of its business (Gen. Railroad Law, § 3, item II, Comp. Stat., p.
4220), and to use those sidings for the purpose of loading or unloading freight to be hauled, or which has been hauled over the company's railroad. It is true that, where a railroad company has created unusual features of danger at a public highway crossing, it is under a duty to take precautions additional to those required by the statute for the protection of people using such crossing. But, as was declared by us in the case of New York,c., Railroad Co. v. Leaman, 54 N.J.L. 202, 205, this duty only arises when the peculiarily dangerous feature is permanent and is a consequence of the act of the company itself inconstructing its road or buildings. It goes without saying that the obligation of the railroad company with relation to the protection of a private crossing rises no higher than its obligation to protect a public crossing; and that the obligation with relation to the latter does not include extra statutory precautions against dangers arising from the ordinary operation of its railroad.
We conclude that the instruction which we have discussed was erroneous, and that, for the error contained therein, the judgment under review should be reversed.
For affirmance — None.
For reversal — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, HEPPENHEIMER, GARDNER, VAN BUSKIRK, CLARK, JJ. 13. *Page 407